[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15282

_____

D.C. No. CIR-1:018882-13

THOMAS E. WATTS,
MARY E. WATTS, et al.,

Petitioners-Appellants,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Appeal from the Tax Court of the United States

_____

(January 10, 2019)

Before WILSON, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

On appeal, both parties agree that the Tax Court erred in assuming that Wellspring made an election pursuant to Section 3.4(c) of the Partnership Agreement, which would result in Wellspring being entitled to receive preferred consideration based on the formula set forth in Section 10.9 of the Partnership Agreement that in turn referred to Section 11.  Both parties agree that this was error because no such election was in fact made.

Rather than address the remaining issues in the case, we prefer to remand to the Tax Court for it to rule on the remaining issues in the first instance.  Without limiting the remaining issues for the Tax Court, we suggest it address whether the Danielson rule as adopted by this Circuit properly applies in this case, see Spector v. C.I.R., 641 F.2d 376 (5th Cir. Unit A April 3, 1981),[1] and its progeny; and whether the taxpayers proved that the Watts family and Wellspring actually had a separate, enforceable oral agreement that predated the purchase by Sun Capital and, if so, whether the Watts family's incentive payments to Wellspring constituted amortizable capital expenditures.

Accordingly, the judgment of the Tax Court is vacated, and the case is remanded to the Tax Court for further proceedings not inconsistent with this opinion.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

VACATED and REMANDED.